IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS MOFFETT,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JRAYL,** )<br>)<br>**Defendant.** ) | Case No. 1:20-cv-199-SPB |

### MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

Plaintiff Thomas Moffett ("Plaintiff") brings this *pro se* civil action against J. Rayl Transport, Inc. (identified in the complaint as "JRayl"), a commercial trucking company based in Akron, Ohio. As previously explained by this Court, Plaintiff's grievance concerns an incident that occurred on September 4, 2019, while Plaintiff was operating a commercial truck on behalf of J. Rayl. As set forth in his original complaint, ECF No. 5, Plaintiff was apparently stopped by a law enforcement officer in Indiana who "saw that [Plaintiff] did not know how to use[ ] the truck computer." Plaintiff alleged that, at the officer's direction, he contacted J. Rayl about the problem he was having with the computer, but the company's representative failed or refused to help him with the computer on the grounds that it was owned by the Plaintiff, not J. Rayl. Plaintiff requested in his complaint that this Court "fine" J. Rayl because it "broke the law." *Id.*

In a Memorandum Opinion and Order entered on March 9, 2021, this Court granted Plaintiff leave to proceed *in forma pauperis* and directed that his complaint be filed as a separate document. ECF Nos. 3, 4. The Court then assessed the sufficiency of Plaintiff's allegations in

1

accordance with 28 U.S.C. §1915(e)(2),[1] which obligates the undersigned to "dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  In determining that Plaintiff's complaint was subject to dismissal, the Court made the following observations:

> In this case, Plaintiff's complaint fails even to identify, much less properly state, a legal theory upon which relief can be granted.  Although he asks the Court to impose a "fine" on J. Rayl, Plaintiff does not identify any statute or law that would give this Court authority for doing so.
>
> Construing the complaint liberally and in the light most favorable to Plaintiff,[ ] the Court assumes that Plaintiff might possibly be trying to assert a breach of contract claim.  To do so, a plaintiff must allege facts showing: "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (internal quotations and citation omitted).  Here, there are no facts alleged that would establish a contractual obligation on J. Rayl's part to assist Plaintiff with the problems he experienced with his truck's computer.  In fact, it is not even clear from the complaint whether, for example, Plaintiff was an employee of J. Rayl or an independent contractor.  Without any facts to plausibly establish that J. Rayl had a contractual duty relative to the maintenance and functioning of the truck's computer, Plaintiff cannot establish a legal basis for relief.  And, even if Plaintiff could establish a breach of some contractual duty, his remedy would be monetary damages, not the imposition of a "fine" on J. Rayl.
>
> In addition, because breach of contract is a state law claim, Plaintiff can proceed in this Court on a breach of contract theory only if he can establish the jurisdictional requirements for diversity-of-citizenship.  Relevantly, federal district

---

[1] Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). When reviewing a complaint to determine whether it states a cognizable legal claim, we accept the well-pled factual averments as true and construe all reasonable inference arising from the facts in favor of the complainant.  *See Taksir v. Vanguard Grp.,* 903 F.3d 95, 96–97 (3d Cir. 2018).  A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to §1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 114 (3d Cir. 2002).

      courts have diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "[E]ven a pro se plaintiff must affirmatively plead the citizenship of the individual defendants in order for the court to determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter." *Hong Manh Nguyen v. Casino*, No. 2:14CV683, 2015 WL 1291807, at *3 (W.D. Pa. Mar. 20, 2015) (citing *Crisafulli v. Ameritas Life Ins. Co.*, Civil Action No. 13–cv–05937, 2014 WL 2611839, at *3 (D.N.J. June 11, 2014)). "Similarly, it is the plaintiff's burden to affirmatively plead the amount in controversy on the face of the complaint." *Id.* (citing *Crisafulli*, 2014 WL 2611839, at *3); *see also Gray v. Occidental Life Ins. Co. of Cal.*, 387 F.2d 935, 937 (3d Cir.1968). Generally, "'[u]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith; it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Id.* (quoting *Graham Co. v. Griffing*, Civil Action No. 08–1394, 2009 WL 1407779, at *1 (E.D. Pa. May 19, 2009)).

      In this case, Plaintiff has not alleged facts from which the Court can determine that diversity jurisdiction exists. Assuming, at it appears, that J. Rayl is a corporate citizen of Ohio, the parties' citizenship may be diverse. But even so, Plaintiff would have to be able to allege, in good faith, that the amount in controversy (exclusive of interest and costs) exceeds $75,000. As presently pled, Plaintiff's complaint does not support a plausible inference that the amount in controversy satisfies this jurisdictional threshold.

      Accordingly, Plaintiff's complaint must be dismissed, as it fails to state a claim that is subject to this Court's jurisdiction [and] can provide a basis for the relief Plaintiff is seeking. Given the nature of Plaintiff's averments, the Court is somewhat dubious that the defects in his pleading can be remedied. Nevertheless, out of an abundance of caution, the Court will give Plaintiff an opportunity to amend his Complaint, to the extent he can identify and plead a plausible basis for relief, consistent with this Court's limited jurisdiction.

ECF No. 3 at 2-4 (first alteration added and footnote omitted; final alteration added).

Plaintiff subsequently filed an Amended Complaint, which is once again before the Court for review pursuant to 28 U.S.C. §1915(e)(2). ECF No. 6. While this revised pleading adds a few new allegations, it ultimately fails to cure the fundamental deficiencies previously identified by the Court. In his Amended Complaint, Plaintiff states that he was "pulled into the way station located in Richmond, IN" on September 4, 2019. *Id*. His vehicle "ended up being overweight,"

3

but Plaintiff "could not operate the computer inside the truck so that [he] could do [his] job."  *Id.*  Plaintiff avers that he "was not sufficiently trained" to do his job and "would still have [his] position to this day with sufficient training and education."  *Id.*  After Plaintiff was "let go," J. Rayl allegedly "blocked [him] from receiving regular unemployment with no discernible reason given."  *Id.*  Plaintiff "filed for PA PUA"[2] but was "denied and was told to go through Ohio unemployment."  *Id.*  Plaintiff claims that he has "been refiling as of 03/14/2021" and is "still in the same current position."  *Id.*  The essence of Plaintiff's grievance is that J. Rayl "violated the federal DOC by not properly making sure that [he] was able to use the truck and technology to do [his] position."  *Id.*  Moreover, when he "did request assistance," Plaintiff "was rebuffed and ignored by Robert Fields," who was allegedly supposed to "contact" Plaintiff and "make sure [he] was able to use the computers located in the truck."  *Id.*

Even construing these averments in a liberal fashion, and in the light most favorable to Plaintiff, they fail to cure the defects that plagued his original Complaint.  It does not appear from Plaintiff's averments that he is asserting a breach of contract claim but, even if he is, he has not alleged facts sufficient to establish a plausible basis for relief under such a theory, nor can the Court infer that it would have subject matter jurisdiction over such a claim.  Plaintiff alludes to J. Rayl's alleged violation of certain unidentified federal regulations but, without more, this Court cannot discern what provision of law Plaintiff bases his claim upon, nor can the Court ascertain that a private right of action exists.

In sum, Plaintiff's Amended Complaint – like his original Complaint – fails to state a cognizable claim for which relief can be granted.  Because Plaintiff, after two attempts, has

---

[2] Although the meaning of this acronym is not clear from the Amended Complaint, the Court assumes that it may refer to "Pennsylvania Pandemic Unemployment Assistance."

failed to assert a viable legal claim against J. Rayl, and because it appears that further amendment would be futile, the Court will dismiss his Amended Complaint with prejudice.

An appropriate order follows.


_Susan Paradise Baxter_
SUSAN PARADISE BAXTER
United States District Judge